UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLAUDE STATEN,

               Plaintiff,

    - against -

PATROLMEN'S BENEVOLENT ASSOCIATION
OF THE CITY OF NEW YORK, INC.,

               Defendant.

---

16 Civ. 5316 (JGK)

OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    Pro se plaintiff Claude Staten, an officer with the New York City Police Department ("NYPD"), brings this action against the Patrolmen's Benevolent Association of the City of New York (the "Union"). This suit -- Staten's fourth federal lawsuit relating to his claims of alleged discrimination and retaliation by the NYPD -- includes a variety of claims under federal, state, and local laws. Specifically, the plaintiff alleges in his amended complaint ("AC") that the Union violated his rights when they failed to provide him with legal representation for his prior employment discrimination lawsuits against the City of New York (the "City"). The Union now moves to dismiss the complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that many of the claims are time-barred and that the amended complaint otherwise fails to state a plausible claim for relief. For the reasons set forth below, the motion is **granted**.

1

I.

The plaintiff is currently a police officer with the NYPD, a position he has held for over thirty years. AC ¶ 7. He identifies as a black, Hispanic male. AC ¶ 7. He is also a member of the Union. AC ¶ 7.

A brief history of the plaintiff's prior lawsuits is relevant to this action. Before he filed this case, the plaintiff had previously filed two employment discrimination lawsuits against the City in federal court. He filed complaints on May 3, 2012, AC ¶ 14, and on June 16, 2014, AC ¶ 17. In these lawsuits, the plaintiff alleged a variety of employment discrimination claims, including failure to promote, unequal terms and conditions of employment, hostile work environment, harassment, retaliation, race discrimination and age discrimination. AC ¶ 31.

The plaintiff requested the Union to provide him representation for those lawsuits. The then-treasurer of the PBA, Joseph Alejandro, called the plaintiff on August 12, 2015 in response to this request and informed him that the Union would not provide him with legal representation for these lawsuits. AC ¶ 31. Mr. Alejandro allegedly told the plaintiff that his "problems and issues do not involve the Union's membership base as a whole" and that the Union will "only

represent women who are not promoted due to pregnancy". AC ¶ 33.

The plaintiff subsequently sent a letter, on December 29, 2015, requesting reimbursement for his legal fees from the Union. AC ¶ 36. The Union responded on May 3, 2016, informing the plaintiff that it had "considered [the plaintiff's] request for reimbursement" and "[b]ased on our understanding of the facts and circumstances presented in your request, the allegations you assert do not fall within the parameters of the civil legal plan." AC at Ex. 7H.

In response to the Union's refusal to provide legal representation or to reimburse him for his legal fees, the plaintiff brought this action, alleging that the Union discriminated against him. He filed an EEOC complaint against the Union on June 29, 2016, the same day that he filed this action. AC ¶ 27. He filed a second EEOC complaint against the Union on January 11, 2017. AC at 14. The plaintiff filed the current amended complaint on January 13, 2017. Dkt. No. 20.

In his amended complaint, the plaintiff has alleged a variety of claims regarding the Union's refusal to provide him with legal representation in his lawsuits against the City. He has affirmatively alleged a claim for breach of contract, AC ¶¶ 3, 31-37, federal claims under 42 U.S.C. §§ 1981 and 1983, AC ¶ 2, and state and local discrimination claims under the New York

State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), AC ¶ 3. Reading his complaint generously, he also appears to allege a federal claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., as well as a claim for a breach of the duty of fair representation.

## II.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a

4

court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). The Court may also consider allegations that are contained in the plaintiff's opposition papers. See Burgess v. Goord, No. 98-cv-2077 (SAS), 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999) (collecting cases); see also Kaplan v. New York State Dep't of Corr. Servs., No. 99-cv-5856 (JGK), 2000 WL 959728, at *1 (S.D.N.Y. July 10, 2000). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis, 618 F.3d at 170 (citation omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id. See also Williams v. City of New York, No. 16-cv-4315 (JGK), 2017 WL 4158903, at * 1 (S.D.N.Y. Sept. 14, 2017).

### III.

In Counts One, Two, and Three of the amended complaint, the plaintiff alleges a claim for breach of contract, arguing that

5

the Union violated the collective bargaining agreement ("CBA") by failing to provide him with legal representation for the employment discrimination lawsuits he filed against the City. The defendant argues that this claim must be dismissed because the plaintiff names the wrong defendant and there was no breach of the CBA in any event.[1]

"Ordinarily, an employee's only claim against a union for violation of the terms of a collective bargaining agreement is for violation of the duty of fair representation." Frimpong v. 1199SEIU United Healthcare, No. 07-cv-7375 (JGK), 2008 WL 3861449, at *3 (S.D.N.Y. Aug. 19, 2008). However, pursuant to the third-party beneficiary doctrine, an exception to the general rule, an employee may state a claim against a union for a violation of a CBA by "point[ing] to language in the [CBA] specifically indicating an intent to create obligations enforceable against the union by the individual employees." United Steelworkers of Am. v. Rawson, 495 U.S. 362, 374 (1990). See also Cantrell v. Igie, No. 16-cv-903 (JGK), 2016 WL 7168220, at *7 (S.D.N.Y. Dec. 8, 2016).

Here, the plaintiff has not pointed to any specific provision in the CBA that obligates the Union to provide legal

---

[1] The defendant argued in its briefs that the breach of contract claim was also time-barred. Defs.' Br. Supp. Mot. Dismiss 14 n.12. However, at argument on this motion, the defendant withdrew that argument.

6

representation to the Union's members to prosecute employment discrimination lawsuits. Instead, in support of his claim, the plaintiff attaches to his amended complaint a print-out from the Union's website detailing the benefits provided by the Legal Services Fund. AC at 24-27. The plaintiff contends that this brochure guarantees him the right to be represented by the Union in his civil discrimination cases against the City, and that the Union breached its contract with him when it refused to provide such representation.

However, the brochure plaintiff cites provides no such right. The list of legal services offered by the Fund to its members does not include the prosecution of an employment discrimination claim. AC at 27. In fact, the description of the provided services specifically states that the "Fund's attorneys will provide legal <u>defense</u> in certain civil proceedings brought against a covered member in State and Federal Courts." AC at 27 (emphasis added). It does not guarantee legal services for the prosecution of civil proceedings. Indeed, the Union stated to the plaintiff in its May 3, 2016 letter that his lawsuit did not "fall within the parameters of the civil legal plan," AC at 35, and the plaintiff has provided no plausible allegations to show that any provision of the CBA required the Union to provide representation for the plaintiff in his lawsuits.

The plaintiff also argues that, because the Union has represented female police officers in cases alleging pregnancy discrimination, he also has a right to be represented. However, representation of some union members in other unrelated cases does not establish that the plaintiff has any contractual right to be represented in his individual employment discrimination cases. Thus, even accepting as true plaintiff's allegation that "Mr. Joseph Alejandro . . . stated [to plaintiff] that the PBA will only represent women who are not promoted due to pregnancy", AC ¶ 33, that does not establish a contractual right for the plaintiff to be represented. The Union had the right to decide whether providing representation in individual cases might provide a more general benefit to other members without requiring the Union to provide legal representation in every lawsuit that one of its members brought.

Therefore, because the plaintiff points to no language "in the [CBA] specifically indicating an intent to create obligations enforceable against the union by the individual employees", Rawson, 495 U.S. at 374, his claim for breach of contract must be dismissed.

Moreover, the plaintiff has brought his claim for breach of contract against the wrong defendant. Because the Legal Fund administers these benefits, it is the proper defendant. See Frimpong, 2008 WL 3861449, at *4 n.1. The plaintiff has no

8

claim against the Union for the alleged failure of the Fund to pay his legal costs.

**IV.**

The plaintiff has also alleged a claim under 42 U.S.C. § 1983 for a "deprivation of rights". AC at 2, 6. The defendant argues that this claim must be dismissed because the Union is not a state actor and therefore cannot be held liable under that statute.

Because "the core purpose of § 1983 is to provide compensatory relief to those deprived of their federal rights by state actors," relief under that statute is only available when the "actions alleged by the [plaintiff] come within the definition of 'under color of' [state] law." Kia P. v. McIntyre, 235 F.3d 749, 755-56 (2d Cir. 2000) (alterations and quotation marks omitted). "[A] private individual may be considered a state actor for purposes of a constitutional challenge if [his or her] conduct is fairly attributable to the state." Leeds v. Meltz, 85 F.3d 51, 54 (2d Cir. 1996). Thus, a § 1983 claim "may be proved by showing that a person acting under color of state law collaborated or conspired with a private person to deprive the plaintiff of a constitutional right." Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (alterations and internal quotation marks omitted). See also Williams, 2017 WL 4158903, at *3.

9

The plaintiff has not alleged that the defendants are state actors, and they plainly are not. He also has not alleged that they were acting as an agent of -- or at the direction of -- the state or any state actor. Indeed, the plaintiff only mentions his § 1983 claim in conclusory fashion in two places in his complaint, and he does not make any allegations specific to that claim. See AC at 2, 6. Accordingly, because the plaintiff has not alleged any state action, the § 1983 claim is dismissed.

## V.

The plaintiff has also alleged a claim under 42 U.S.C. § 1981. The defendant argues that this claim must be dismissed because the plaintiff has not alleged a violation of any enumerated right secured by § 1981.

"To establish a claim under § 1981, a plaintiff . . . must show: (1) that [he] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerning one of activities enumerated in § 1981." Lauture v. International Bus. Machs. Corp., 216 F.3d 258, 261 (2d Cir. 2000). The plaintiff appears to argue that the defendant has interfered with his right to make and enforce contacts, a right protected under § 1981.

However, the plaintiff has not alleged any violation of a right protected by § 1981, because, as discussed above, he has no contractual right under the CBA to be represented by the

10

Union in his employment discrimination case. Therefore, he cannot claim that there was any discrimination by the Union concerning his right to make and enforce contracts. Accordingly, the plaintiff cannot state a claim under § 1981.

Moreover, the plaintiff has failed to allege sufficiently that there was any intent to discriminate -- or any actual discrimination -- on the basis of race with respect to the Union's refusal to provide him with legal representation. The only facts alleged by the plaintiff suggesting any discriminatory intent by the Union is that two Caucasian officers were provided legal representation by the Union, whereas the plaintiff, a black Hispanic officer, was denied representation. AC ¶¶ 40-44. However, in both of those cases, the plaintiff alleges that the officers were defended by the Union in legal proceedings[2] -- they were not provided legal representation to prosecute an employment discrimination case. As such, the experiences of these officers with the Union do not provide any basis to find that the Union intended to

---

[2] At argument on this motion, the plaintiff stated that the Union also provided legal representation for one of those officers in a promotion hearing. The circumstances and extent of this representation are unclear, and the Union described its representation as a "legal defense against criminal proceedings." Defs.' Br. Supp. Mot. Dismiss 18. In any event, such representation is not similar enough to the plaintiff's request for representation to pursue his employment discrimination dispute to establish any intent to discriminate.

11

discriminate against the plaintiff when it refused to provide him with representation. The cases are simply not similar enough to provide any such indicia of intent.[3]

Furthermore, the plaintiff's allegations that the treasurer of the Union told him that the Union "only represent[s] women who are not promoted due to pregnancy" does not establish any intent to discriminate on the basis of race, and § 1981 does not protect against discrimination on the basis of gender. Farzan v. Bridgewater Assocs., No. 16-cv-00935 (SRU), 2017 WL 354685, at *13 (D. Conn. Jan. 24, 2017).

Therefore, the plaintiff has not alleged any facts suggesting that the Union had an intent to discriminate on the basis of race, nor has he sufficiently alleged that any

---

[3] The plaintiff also makes a plethora of other allegations in Counts Four and Five of the amended complaint and in his opposition papers. He argues that: certain Union delegates receive perks on the job that he is not allowed; the Career Advancement Review Board is corrupt and unreasonably denied his promotion; officers at the NYPD falsified a domestic incident report related to an incident at his home; he was assigned to patrol an unsafe location at the Macy's Thanksgiving Day Parade; and he was retaliated against by the Union delegates and members of the NYPD after he filed complaints against the department. With respect to his allegations in his opposition papers, it is unclear whether these allegations are meant to be a summary of his prior lawsuits against the City or allegations to be considered in this case. However, to the extent any of these allegations could be construed to contemplate claims of discrimination or retaliation under § 1981, they are not properly made against the Union, because no Union official is alleged to have taken any of those actions against the plaintiff.

12

discrimination actually took place. See also Bennett, 136 F. Supp. 2d at 252. Thus, his complaint fails to meet the requirements to state a claim and his § 1981 claim is dismissed.

**VI.**

While not specifically referenced in his complaint, it appears that the plaintiff also intended to allege a claim for a violation of Title VII.[4] The defendant argues that, to the extent the Court construes the complaint to allege such a claim, it is time-barred.

A plaintiff must file an employment discrimination claim first with the EEOC before pursuing a claim under Title VII. 42 U.S.C. § 2000e-5(e); Gomes v. Avco Corp., 964 F.2d 1330, 1332-33 (2d Cir. 1992); Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). Plaintiffs must also receive a right-to-sue letter from the EEOC to proceed with a Title VII claim in federal court. 42 U.S.C. § 2000e-5(f)(1); Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1983).

The plaintiff filed his first EEOC complaint naming the Union as a defendant on June 29, 2016 -- the same day he filed his complaint in this case. FAC ¶ 27, 30. The plaintiff also

---

[4] The plaintiff alleges claims of "Unequal Terms and Conditions of Employment" and "Reprisal for Engaging in Protected Activities, Hostile and Abusive Working Environment" in Counts Four and Five of the amended complaint.

13

filed a second EEOC complaint naming the Union as a defendant on January 11, 2017, two days before he filed his amended complaint. FAC at 14.

Given that he filed his only EEOC complaints against the Union on the same day he filed this lawsuit -- or after -- the plaintiff plainly did not receive a right to sue letter in response to those EEOC complaints prior to filing this lawsuit, and thus did not administratively exhaust his claims.

The plaintiff argues that he received two right to sue letters -- the first on May 29, 2014 and the second on March 31, 2016 -- and that those letters provide the necessary administrative exhaustion for this case. AC ¶ 28; Pl.'s Opp'n Br. at 12. However, those right to sue letters were not issued in response to EEOC complaints lodged against the Union and therefore cannot provide the basis for this lawsuit.[5] See King v. U.S. Sec. Assocs., Inc., No. 11-cv-4457 (DAB), 2012 WL 4122025, at *3 (S.D.N.Y. Aug. 22, 2012), report and recommendation adopted, No. 11-cv-4457 (MHD), 2012 WL 4327396 (S.D.N.Y. Sept. 18, 2012).

---

[5] The Court does not have before it the EEOC complaint from which the March 31, 2016 right to sue letter was issued, but the plaintiff stated at argument on this motion that it was not filed against the Union, and the March 31, 2016 right to sue letter does not name the Union.

14

Thus, the Title VII claim is not administratively exhausted and is therefore dismissed without prejudice.

## VII.

While not stated explicitly in his complaint, the plaintiff also appears to argue that the Union breached its duty of fair representation by discriminating against him when they declined to represent him in his lawsuits against the City. The defendant argues that, even if a duty of fair representation claim can be fairly read into the complaint, the claim is time-barred.

There is a six-month statute of limitations for claims based on a breach of the duty of fair representation. See DelCostello v. Int'l Bhd. Of Teamsters, 462 U.S. 151, 155 (1983); Cohen v. Flushing Hosp. & Med. Ctr., 68 F.3d 64, 67 (2d Cir. 1995); Winkfield v. Parkchester S. Condominium, Inc., No. 11-cv-983 (RA), 2013 WL 2626788, at *4 (June 11, 2013). It is well-settled that a claim for breach of the duty of fair representation "accrues no later than the time when the union members knew or reasonably should have known that a breach has occurred." Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers, 378 F.3d 269, 278 (2d Cir. 2004); see also Winkfield, 2013 WL 2626788, at *4. See also Morillo v. Grand Hyatt New York, No. 13-cv-7123 (JGK), 2014 WL 3498663, at *7 (S.D.N.Y. July 10, 2014).

The plaintiff was informed by the Union on August 12, 2015 that the Union would not provide him with legal representation for his employment discrimination lawsuits against the City. SAC ¶ 31. The plaintiff filed this lawsuit on June 29, 2016. SAC ¶ 30. This is plainly more than six months after the plaintiff knew of the alleged breach. Accordingly, to the extent the amended complaint seeks to allege a claim for a breach of the duty of fair representation, that claim is dismissed because it is time-barred.

## VIII.

Because all of the plaintiff's federal claims are dismissed, to the extent the amended complaint contemplates claims under the NYSHRL or NYCHRL, the Court declines to exercise supplemental jurisdiction over those state law claims and dismisses them without prejudice. See 28 U.S.C. § 1367(c)(3); Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); In re Merrill Lynch Ltd. Pships. Litig., 154 F.3d 56, 61 (2d Cir. 1998). See also Sokolowski v. Metro. Transp. Auth., 849 F. Supp. 2d 412, 418 (S.D.N.Y. 2012), aff'd, 723 F.3d 187 (2d Cir. 2013), and aff'd, 529 F. App'x 48 (2d Cir. 2013).

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The defendant's motion to dismiss is **granted**. The Clerk is directed to enter judgment dismissing the amended complaint with prejudice, except the state law claims and any claims under Title VII are dismissed without prejudice. The Clerk is also directed to close this case and to close all pending motions.

**SO ORDERED.**

**Dated:** New York, New York
October 19, 2017

_____
John G. Koeltl
United States District Judge